UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:24-cv-61734-MD

JENNIFER HEATH BOX,

    Plaintiffs,

v.

BROWARD COUNTY SHERIFF GREGORY
TONY, in his official capacity; COUNTY
SHERIFF'S DEPUTY PETER PERAZA;
BROWARD COUNTY SHERIFF'S DEPUTY
MONICA JEAN; BROWARD COUNTY
SHERIFF'S DEPUTY JASMINE HINES; and
BROWARD COUNTY SHERIFF'S DEPUTY
ANTHONY THORPE,

    Defendants.
_____/

## DEFENDANT, SHERIFF GREGORY TONY'S, ANSWER AND DEFENSES

For his answer and defenses to Plaintiff's amended complaint [ECF 25], Defendant, Broward County Sheriff Gregory Tony, in his official capacity (BSO), states:

**Caveat**

*As a threshold matter, this Court's Fed. R. Civ. P. 8(a) specifically requires "a short and plain statement of the claim." Plaintiff's amended complaint fails that requirement and in large measure reads more like a press release than a complaint for damages. The pleading also suffers from melodramatic redundancy. Notwithstanding Plaintiff's failings, here BSO makes its best effort to comply with Fed. R. Civ. P. 8(b) in its admissions, denials, and defenses.*

1

1. Defendant denies the allegations of paragraphs 1 through 6, inclusive, comprising Plaintiff's "Introduction," and demands strict proof.

2. Defendant is without knowledge of the allegations of paragraph 7. Defendant therefore denies same and demands strict proof.

3. Defendant admits the allegations of paragraph 8 to the extent that Defendant is the Sheriff of Broward County, Florida; that he is sued in his official capacity only; that the Sheriff operates the Broward County Jail and Paul Rein Detention Center; that the Sheriff is BSO's final policymaker; and that BSO at all times acted pursuant to, in accordance with, and under color of all applicable state and federal law. Defendant denies any and all other allegations contained in paragraph 8 and demands strict proof.

4. Defendant admits the allegations of paragraph 9 to the extent that Peter Peraza is a BSO Deputy. Defendant denies any and all other allegations contained in paragraph 9 and demands strict proof.

5. Defendant admits the allegations of paragraph 10 to the extent that Monica Jean is a BSO Deputy. Defendant denies any and all other allegations contained in paragraph 10 and demands strict proof.

6. Defendant admits the allegations of paragraph 11 to the extent that Jasmine Hines is a BSO Deputy. Defendant denies any and all other allegations contained in paragraph 11 and demands strict proof.

7. Defendant admits the allegations of paragraph 12 to the extent that Anthony Thorpe is a BSO Deputy. Defendant denies any and all other allegations contained in paragraph 12 and demands strict proof.

8. Defendant admits the allegations of paragraphs 13 through 15, inclusive, comprising Plaintiff's "jurisdiction and venue" allegations, to the extent that this Court has subject matter jurisdiction and that venue is proper in the United States District Court, Southern District of Florida.

9. Defendant denies the allegations of paragraphs 16 through 26, inclusive, and demands strict proof.

10. Defendant admits the allegations of paragraph 27 to the extent that Defendant's deputies (not "officers") arrested Plaintiff at the behest and direction of U.S. Customs and Border Patrol (CBP). Defendant denies any and all other allegations contained in paragraph 27 and demands strict proof.

11. Plaintiff's use of the vague term "officers" in paragraph 28 renders the allegations incapable of a direct response. To the extent "officers" references CBP officers, Defendant admits that CBP officers discovered an outstanding Texas warrant for Jennifer Heath's arrest. Defendant denies any and all other allegations contained in paragraph 28 and demands strict proof.

12. Defendant is without knowledge of the allegations of paragraph 29. Defendant therefore denies same and demands strict proof.

13. Defendant denies the allegations of paragraphs 30 through 38, inclusive and inclusive of all sub-paragraphs, and demands strict proof.

3

14. Defendant is without knowledge of the allegations of paragraphs 39 and 40. Defendant therefore denies same and demands strict proof.

15. Defendant admits the allegations of paragraphs 41 and 42 to the extent that deputies advised Plaintiff she was being detained on the authority of an outstanding Texas warrant. Defendant denies any and all other allegations contained in paragraphs 41 and 42 and demands strict proof.

16. Defendant denies the allegations of paragraphs 45 through 56, inclusive and inclusive of all sub-paragraphs, and demands strict proof.

17. Defendant admits the allegations of paragraph 57 to the extent that Plaintiff was handcuffed. Defendant denies any and all other allegations contained in paragraph 57 and demands strict proof.

18. Defendant denies the allegations of paragraphs 58 through 93, inclusive, and demands strict proof.

19. Defendant admits the allegations of paragraphs 94 and 95 to the extent that BSO deputies (not "officers") booked Plaintiff at the Broward County Jail. Defendant denies any and all other allegations contained in paragraphs 94 and 95 and demands strict proof.

20. Defendant denies the allegations of paragraphs 96 through 134, inclusive, and demands strict proof.

21. Defendant admits the allegations of paragraph 135 to the extent that BSO deputies booked Plaintiff in the Jail.

22. Defendant denies the allegations of paragraphs 136 through 150, inclusive, and demands strict proof.

23. Defendant admits the allegations of paragraph 151 to the extent that the court denied Plaintiff bond. Defendant denies any and all other allegations contained in paragraph 151 and demands strict proof.

24. Defendant admits the allegations of paragraph 152 to the extent that BSO transferred Plaintiff to the Paul Rein Detention Center. Defendant denies any and all other allegations contained in paragraph 152 and demands strict proof.

25. Defendant denies the allegations of paragraphs 153 through 159, inclusive, and demands strict proof.

26. Defendant is without knowledge of the allegations of paragraphs 160 through 183, inclusive. Defendant therefore denies same and demands strict proof.

27. Defendant admits the allegations of paragraph 184 to the extent that Plaintiff was permitted two (2) phone calls a day. Defendant is without knowledge of any and all other allegations contained in paragraph 184 and demands strict proof.

28. Defendant is without knowledge of the allegations of paragraph 185. Defendant therefore denies same and demands strict proof.

29. Defendant denies the allegations of paragraphs 186 through 192, inclusive, and demands strict proof.

30. Defendant is without knowledge of the allegations of paragraphs 193 and 194. Defendant therefore denies same and demands strict proof.

31. Defendant denies the allegations of paragraphs 195 through 198, inclusive, and demands strict proof.

32. Defendant admits that Plaintiff was released from custody on the morning of December 27, 2022. Defendant denies any and all other allegations contained in paragraph 199 and demands strict proof.

33. Defendant is without knowledge of the allegations of paragraphs 200 through 204, inclusive. Defendant therefore denies same and demands strict proof.

34. Defendant denies the allegations of paragraphs 205 and 206 and demands strict proof.

35. Defendant is without knowledge of the allegations of paragraphs 207 and 208. Defendant therefore denies same and demands strict proof.

36. Defendant denies the allegations of paragraphs 209 and 210 and demands strict proof.

37. Defendant admits the allegations of paragraph 211 to the extent that BSO deputies at all times acted pursuant to and in accordance with BSO protocol and all applicable state and federal law. Defendant denies any and all other allegations contained in paragraph 211 and demands strict proof.

38. Defendant denies the allegations of paragraphs 212 through 215, inclusive, and demands strict proof.

39. Defendant is not sued in "Claim I," comprised of paragraphs 216 through 263, inclusive. Defendant therefore shall not respond.

40. Defendant is not sued in "Claim II," comprised of paragraphs 264 through 281, inclusive. And the Court has dismissed Claim II with prejudice. Defendant therefore shall not respond.

41. Paragraph 282 merely realleges specified preceding paragraphs. In response, Defendant adopts and realleges its responses to the specified paragraphs.

42. Defendant admits the allegations of paragraph 283 to the extent that the Sheriff is the BSO's final policymaker. Defendant denies any and all other allegations contained in paragraph 283 and demands strict proof.

43. Defendant denies the allegations of paragraphs 284 through 302, inclusive, and demands strict proof.

44. The allegations of paragraph 303 are immaterial and impertinent and must be stricken. Fed. R. Civ. P. 12(f). Punitive damages are not recoverable from Defendant. *Colvin v. McDoughall,* 62 F.3d 1316, 1319 (11th Cir. 1995); *City of Newport v. Fact Concerts,* 453 U.S. 247, 101 S.Ct. 2748 (1981).

45. The Court has dismissed "Claim IV," comprised of paragraphs 304 through 330, inclusive, with prejudice. Defendant therefore shall not respond.

46. Defendant denies that Plaintiff is entitled to any of the relief demanded in her "prayer for relief," comprised of paragraphs (A) through (I) inclusive, and Defendant demands strict proof.

47. Defendant denies any and all allegations not specifically admitted in this answer, and Defendant demands strict proof.

48. Plaintiff did not suffer the deprivation of any right, privilege, or immunity secured by the United States Constitution.

49. Defendant did not subject Plaintiff, nor caused Plaintiff to be subjected to the deprivation of any rights, privilege, or immunity secured by the United States Constitution.

50. No official policy or custom of Defendant subjected Plaintiff, nor caused Plaintiff to be subjected to the deprivation of any right, privilege, or immunity secured by the United States Constitution.

51. Defendant's deputies had probable cause to arrest and detain Plaintiff.

52. Plaintiff failed to mitigate her damages.

## Demand for Jury Trial

Defendant demands trial by jury of all issues so triable as of right by a jury.

**Certificate of Service**

WE CERTIFY that on this 18th day of September 2025, we electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties.

/s/ *Michael R. Piper*
Michael R. Piper
Fla. Bar No. 710105
Christopher J. Stearns
Fla. Bar No. 557870
JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendants***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
piper@jambg.com / cintron@jambg.com
andrews@jambg.com
stearns@jambg.com / young@jambg.com

9

**SERVICE LIST**

**Karin Marquez, Esq. (1024765)**
Institute for Justice
**Attorneys for Plaintiff/Petitioner**
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
Tel: 305.721.1600
kmarquez@ij.org

*Pro-Hac Vice*
**Jared A. McClain, Esq. (DC: 1720062)**
**Bobbi M. Taylor, Esq. (NJ: 435162023)**
Institute for Justice
**Attorneys for Plaintiff/Petitioner**
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: 703.682.9320
jmcclain@ij.org
btaylor@ij.org

---

**Michael R. Piper, Esq.**
**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for BSO**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
piper@jambg.com / stearns@jambg.com