UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:24-cv-61734-MD

JENNIFER HEATH BOX,

      Plaintiffs,

v.

BROWARD COUNTY SHERIFF GREGORY
TONY, in his official capacity; COUNTY
SHERIFF'S DEPUTY PETER PERAZA;
BROWARD COUNTY SHERIFF'S DEPUTY
MONICA JEAN; BROWARD COUNTY
SHERIFF'S DEPUTY JASMINE HINES; and
BROWARD COUNTY SHERIFF'S DEPUTY
ANTHONY THORPE,

      Defendants.

_____/

**INDIVIDUAL DEFENDANTS' ANSWER AND DEFENSES**

For their answer and defenses to Plaintiff's amended complaint [ECF 25], Defendants, Broward County Sheriff's Deputies PETER PERAZA, MONICA JEAN, JASMINE HINES, and ANTHONY THORPE, state:

**Caveat**

*As a threshold matter, this Court's Fed. R. Civ. P. 8(a) specifically requires "a short and plain statement of the claim." Plaintiff's amended complaint fails that requirement and in large measure reads more like a press release than a complaint for damages. The pleading also suffers from melodramatic redundancy. Notwithstanding Plaintiff's failings, here Defendants make their best effort to comply with Fed. R. Civ. P. 8(b) in their admissions, denials, and defenses.*

1

1.      Defendants deny the allegations of paragraphs 1 through 6, inclusive, comprising Plaintiff's "Introduction," and demand strict proof.

2.      Defendants are without knowledge of the allegations of paragraph 7. Defendants therefore deny same and demand strict proof.

3.      Defendants admit the allegations of paragraph 8 to the extent that Gregory Tony is the Sheriff of Broward County, Florida (BSO); that BSO operates the Broward County Jail and Paul Rein Detention Center; that the Sheriff is BSO's final policymaker; and that BSO and Defendants at all times acted pursuant to, in accordance with, and under color of all applicable state and federal law. Defendants deny any and all other allegations contained in paragraph 8 and demand strict proof.

4.      Defendants admit the allegations of paragraph 9 to the extent that Peter Peraza is a BSO Deputy. Defendants deny any and all other allegations contained in paragraph 9 and demand strict proof.

5.      Defendants admit the allegations of paragraph 10 to the extent that Monica Jean is a BSO Deputy. Defendants deny any and all other allegations contained in paragraph 10 and demand strict proof.

6.      Defendants admit the allegations of paragraph 11 to the extent that Jasmine Hines is a BSO Deputy. Defendants deny any and all other allegations contained in paragraph 11 and demand strict proof.

7.     Defendants admit the allegations of paragraph 12 to the extent that Anthony Thorpe is a BSO Deputy. Defendants deny any and all other allegations contained in paragraph 12 and demand strict proof.

8.     Defendants admit the allegations of paragraphs 13 through 15, inclusive, comprising Plaintiff's "jurisdiction and venue" allegations, to the extent that this Court has subject matter jurisdiction and that venue is proper in the United States District Court, Southern District of Florida.

9.     Defendants deny the allegations of paragraphs 16 through 26, inclusive, and demand strict proof.

10.    Defendants admit the allegations of paragraph 27 to the extent that BSO deputies (not "officers") arrested Plaintiff at the behest and direction of U.S. Customs and Border Patrol (CBP). Defendants deny any and all other allegations contained in paragraph 27 and demand strict proof.

11.    Plaintiff's use of the vague term "officers" in paragraph 28 renders the allegations incapable of a direct response. To the extent "officers" references CBP officers, Defendants admit that CBP officers discovered an outstanding Texas warrant for Jennifer Heath's arrest. Defendants deny any and all other allegations contained in paragraph 28 and demand strict proof.

12.    Defendants are without knowledge of the allegations of paragraph 29. Defendants therefore deny same and demand strict proof.

13.    Defendants deny the allegations of paragraphs 30 through 38, inclusive and inclusive of all subparagraphs, and demand strict proof.

3

14.    Defendants are without knowledge of the allegations of paragraphs 39 and 40. Defendants therefore deny same and demand strict proof.

15.    Defendants admit the allegations of paragraphs 41 and 42 to the extent that BSO deputies advised Plaintiff she was being detained on the authority of an outstanding Texas warrant. Defendants deny any and all other allegations contained in paragraphs 41 and 42 and demand strict proof.

16.    Defendants deny the allegations of paragraphs 45 through 56, inclusive and inclusive of all subparagraphs, and demand strict proof.

17.    Defendants admit the allegations of paragraph 57 to the extent that Plaintiff was handcuffed. Defendants deny any and all other allegations contained in paragraph 57 and demand strict proof.

18.    Defendants deny the allegations of paragraphs 58 through 93, inclusive, and demand strict proof.

19.    Defendants admit the allegations of paragraphs 94 and 95 to the extent that BSO deputies (not "officers") booked Plaintiff at the Broward County Jail. Defendants deny any and all other allegations contained in paragraphs 94 and 95 and demand strict proof.

20.    Defendants deny the allegations of paragraphs 96 through 134, inclusive, and demand strict proof.

21.    Defendants admit the allegations of paragraph 135 to the extent that BSO deputies booked Plaintiff in the Jail.

22.     Defendants deny the allegations of paragraphs 136 through 150, inclusive, and demand strict proof.

23.     Defendants admit the allegations of paragraph 151 to the extent that the court denied Plaintiff bond. Defendants deny any and all other allegations contained in paragraph 151 and demand strict proof.

24.     Defendants admit the allegations of paragraph 152 to the extent that BSO transferred Plaintiff to the Paul Rein Detention Center. Defendants deny any and all other allegations contained in paragraph 152 and demand strict proof.

25.     Defendants deny the allegations of paragraphs 153 through 160, inclusive, and demand strict proof.

26.     Defendants are without knowledge of the allegations of paragraphs 161 and 162. Defendants therefore deny same and demand strict proof.

27.     Defendants deny the allegations of paragraph 163 and demand strict proof.

28.     Defendants are without knowledge of the allegations of paragraphs 164 and 165. Defendants therefore deny same and demand strict proof.

29.     Defendants deny the allegations of paragraph 166 and demand strict proof.

30.     Defendants are without knowledge of the allegations of paragraphs 167 through 174, inclusive. Defendants therefore deny same and demand strict proof.

31.    Defendants deny the allegations of paragraphs 175 through 183, inclusive, and demand strict proof.

32.    Defendants admit the allegations of paragraph 184 to the extent that Plaintiff was permitted two (2) phone calls a day. Defendants are without knowledge of any and all other allegations contained in paragraph 184 and demand strict proof.

33.    Defendants are without knowledge of the allegations of paragraph 185 through 194, inclusive. Defendants therefore deny same and demand strict proof.

34.    Defendants deny the allegations of paragraphs 195 through 198, inclusive, and demand strict proof.

35.    Defendants admit the allegations of paragraph 199 to the extent that Plaintiff was released from custody on the morning of December 27, 2022. Defendants deny any and all other allegations contained in paragraph 199 and demand strict proof.

36.    Defendants are without knowledge of the allegations of paragraphs 200 through 204, inclusive. Defendants therefore deny same and demand strict proof.

37.    Defendants deny the allegations of paragraphs 205 and 206 and demand strict proof.

38.    Defendants are without knowledge of the allegations of paragraphs 207 and 208. Defendants therefore deny same and demand strict proof.

6

39.    Defendants deny the allegations of paragraphs 209 and 210 and demand strict proof.

40.    Defendants admit the allegations of paragraph 211 to the extent that BSO deputies at all times acted pursuant to and in accordance with BSO protocol and all applicable state and federal law. Defendants deny any and all other allegations contained in paragraph 211 and demand strict proof.

41.    Defendants deny the allegations of paragraphs 212 through 215, inclusive, and demand strict proof.

42.    Paragraph 216 merely realleges specified preceding paragraphs. In response, Defendants adopt and reallege their responses to the specified paragraphs.

43.    Paragraphs 217 and 218 contain no allegations of fact but appear to be Plaintiff's summation of federal constitutional law. Defendants therefore shall not respond.

44.    Defendants deny the allegations of paragraphs 219 through 222, inclusive, and demand strict proof.

45.    Paragraphs 223 and 224 contain no allegations of fact but appear to be Plaintiff's legal argument. Defendants shall not respond.

46.    Defendants deny the allegations of paragraphs 225 through 263, inclusive, comprising the remainder of "Claim I," and demand strict proof.

47.    The Court has dismissed "Claim II," comprised of paragraphs 264 through 281, inclusive, with prejudice. Defendants therefore shall not respond.

48.     Defendants are not sued in "Claim III," comprised of paragraphs 282 through 303, inclusive. Defendants therefore shall not respond.

49.     Defendants are not sued in "Claim IV," comprised of paragraphs 304 through 330, inclusive. And the Court has dismissed Claim IV with prejudice. Defendants therefore shall not respond.

50.     Defendants deny that Plaintiff is entitled to any of the relief demanded in her "prayer for relief," comprised of paragraphs (A) through (I) inclusive, and Defendants demand strict proof.

51.     Defendants deny any and all allegations not specifically admitted in this answer, and Defendants demand strict proof.

52.     Plaintiff did not suffer the deprivation of any right, privilege, or immunity secured by the United States Constitution.

53.     Defendants did not subject Plaintiff, nor caused Plaintiff to be subjected to the deprivation of any right, privilege, or immunity secured by the United States Constitution.

54.     Defendants had probable cause to arrest and detain Plaintiff.

55.     Defendants at all times acted in good faith, objectively reasonably, and within their sound discretion as BSO deputies. Defendants are entitled to qualified immunity from suit and liability under 42 USC §1983.

56.     Plaintiff failed to mitigate her damages.

## Demand for Jury Trial

Defendants demand trial by jury of all issues so triable as of right by a jury.

## Certificate of Service

WE CERTIFY that on this 18th day of September 2025, we electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties.

*/s/ Michael R. Piper*
Michael R. Piper
Fla. Bar No. 710105
Christopher J. Stearns
Fla. Bar No. 557870
JOHNSON, ANSELMO, MURDOCH
BURKE, PIPER & HOCHMAN, P.A.
***Attorneys for Defendants***
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
Tel: 954.463.0100
Fax: 954.463.2444
piper@jambg.com / cintron@jambg.com
andrews@jambg.com
stearns@jambg.com / young@jambg.com

9

## SERVICE LIST

**Karin Marquez, Esq. (1024765)**
Institute for Justice
**Attorneys for Plaintiff/Petitioner**
2 South Biscayne Blvd., Suite 3180
Miami, FL 33131
Tel: 305.721.1600
kmarquez@ij.org

***Pro-Hac Vice***
**Jared A. McClain, Esq. (DC: 1720062)**
**Bobbi M. Taylor, Esq. (NJ: 435162023)**
Institute for Justice
**Attorneys for Plaintiff/Petitioner**
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: 703.682.9320
jmcclain@ij.org
btaylor@ij.org

---

**Michael R. Piper, Esq.**
**Christopher J. Stearns, Esq.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for BSO**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Tel: (954) 463-0100
Fax: (954) 463-2444
piper@jambg.com / stearns@jambg.com